# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEITH BURROWES,<br>              Appellant, | DOCKET NUMBER<br>DA-0752-14-0349-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>              Agency. | DATE: April 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Caine, Esquire, Dallas, Texas, for the appellant.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed the appeal alleging that the agency subjected him to a constructive suspension. Initial Appeal File (IAF), Tab 2 at 7-10. The administrative judge scheduled a jurisdictional hearing. IAF, Tab 15 at 5. On the day the hearing was to proceed, the parties entered into an oral settlement agreement on the record. Hearing Compact Disc (HCD). Per the terms of the agreement, the appellant withdrew his appeal. *Id.* The appellant stated that he had no objections to the dismissal of the appeal based on the agreement. *Id.* The administrative judge issued an initial decision dismissing the appeal as settled without entering the settlement agreement into the record for enforcement, and she did not make a finding of Board jurisdiction. IAF, Tab 21, Initial Decision (ID) at 1-2 & n.*.

¶3 The appellant has submitted a timely petition for review, seeking to vacate the agreement. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review. PFR File, Tab 3.

<u>The administrative judge correctly dismissed the appeal.</u>

¶4      The administrative judge found that, because the parties reached a settlement agreement, the appeal must be dismissed as settled. ID at 2. We agree.

¶5      Before dismissing an appeal as settled, an administrative judge must document for the record that the parties reached a settlement agreement, understood its terms, and agreed whether it was to be enforceable by the Board. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 7 (2012). If the administrative judge finds that the parties intended that the agreement be enforced by the Board, the administrative judge must determine that the Board has jurisdiction over the appeal and that the agreement is lawful on its face and was freely reached and understood by the parties. *Id.* Oral settlement agreements are valid before the Board. *Futrell-Rawls v. Department of Veterans Affairs*, 115 M.S.P.R. 322, ¶ 8 (2010).

¶6      At the hearing, the administrative judge documented for the record that the parties reached a settlement agreement and that the terms of the agreement were stated on the record. HCD. Further, the appellant indicated that he understood the terms of the agreement and that the Board does not have jurisdiction to enforce it. *Id.* The appellant has not shown that the administrative judge erred in dismissing the appeal per the agreement.[2] *See Harris v. U.S. Postal Service*, 44 M.S.P.R. 547, 550 (1990) (the appellant failed to establish that the Board had jurisdiction to consider the merits of his petition because he did not show that the administrative judge erred in dismissing the appeal pursuant to the settlement agreement).

---

[2] In the initial decision, the administrative judge did not document that the parties understood the terms of the agreement. *See* ID at 1-2. However, this adjudicatory error is harmless because the hearing recording reflects that the parties understood its terms. HCD; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶7      In the instant case, the appellant unequivocally withdrew his appeal at the hearing pursuant to the settlement agreement.  HCD.  Further, the appellant stated that he understood the administrative judge would use the agreement to dismiss his appeal, that the dismissal was a final decision, and that he could not refile. *Id.*

The appellant has not shown that the settlement agreement is invalid.

¶8      On petition for review, the appellant argues that he rejects the settlement agreement as "arbitrary and capricious."  PFR File, Tab 1 at 3.  Further, he alleges that the agreement is not in his best interest and requests that it be vacated.  *Id.*  We find that the settlement agreement is valid, and thus we uphold the dismissal pursuant to the agreement.

¶9      Where an appellant withdraws an appeal pursuant to a settlement agreement, he may challenge the validity of the settlement agreement, regardless of whether it has been entered into the record for enforcement, if he believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Gerdts v. Department of Labor*, 111 M.S.P.R. 412, ¶ 10 (2009).  The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidating it.  *Bynum v. Department of Veterans Affairs*, 77 M.S.P.R. 662, 665 (1998).  An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement.  *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013).

¶10     We find that the appellant has failed to show that the settlement agreement was unlawful, involuntary, or was the result of fraud or mutual mistake.  The appellant's mere allegation that the settlement agreement is "arbitrary and capricious" does not show that the agreement was tainted with invalidity.  *Cf. Jardine v. U.S. Postal Service*, 68 M.S.P.R. 544, 546 (1995) (the appellant's mere allegation that the settlement agreement was fraudulent and unlawful was insufficient to meet his burden of establishing that the agreement was invalid),

*aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). He has not asserted any facts or submitted any evidence to show that the agency acted fraudulently in negotiating or entering into the agreement and thus has not made the showing of fraud necessary to invalidate the agreement. *See Hoffman v. Department of the Navy*, 71 M.S.P.R. 484, 486 (1996). Further, the appellant has submitted no evidence showing that he was unable to understand the nature of the settlement agreement or that his decision was not an informed one. *See Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 584 (1994). At the hearing, the appellant stated that he understood the terms of the settlement agreement. HCD.

¶11    To the extent that the appellant is arguing that the settlement agreement was obtained through coercion, we find that he has failed to show that he was coerced by the agency. In order to establish that a settlement agreement was obtained through coercion, a party must prove that: (1) one side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of the coercive acts of the opposite party. *Koury v. Small Business Administration*, 40 M.S.P.R. 172, 177, *aff'd*, 891 F.2d 298 (Fed. Cir. 1989) (Table).

¶12    At the hearing, the appellant stated: "I'm voluntarily entering into [the agreement]. I don't quite know if I'm freely doing it. I feel I'm being coerced into doing it but I am accepting it." HCD. After the appellant made this statement, the administrative judge went off the record. *Id.* Upon returning to the record, the administrative judge stated that off the record the appellant indicated that he had negative feelings towards the agency and that he was not happy with the nature of his employment relationship with the agency. *Id.* However, the administrative judge indicated that the appellant clarified to her that he did not believe the agency was coercing him into entering the agreement. *Id.* The appellant stated that the administrative judge's summary of the off-the-record conversation was accurate. *Id.* Further, he indicated that he was voluntarily and freely entering into the agreement. *Id.* The appellant also retracted the statement

that he felt coerced.  *Id.*  Therefore, we find that the appellant has not proven that he involuntarily accepted the terms of the agency.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.